This is an appeal from an order which denied a motion made on December 23, 1946, in the Sullivan County Court to vacate a final order dated March 4, 1946, of Special County Judge Spriggs, awarding possession of property situated in the town of Forrestburg, Sullivan County, to petitioner, on the ground that the court did not have jurisdiction to make said order. At a tax sale held in Sullivan County on June 30, 1941, Rose Silverstein, attorney, bid in a piece of real property. This bid was assigned to the petitioner-respondent, Guild Properties, Inc., and a tax deed was secured from the Sullivan County Treasurer on September 18, 1944. The original summary proceeding was instituted by the respondent on November 4, 1944, to secure possession of the premises. This was-opposed by the appellants and a final order was rendered in favor of the respondent on March 4,1946. From this order an appeal was taken to the Appellate Division. The order dated March 4, 1946, was unanimously affirmed and a decision duly made in June, 1946 (270 App. Div. 1067). The appellants contend that since the respondent was not the bidder at the tax sale it is not entitled to maintain summary proceedings under subdivision 5 of section 1411 of the Civil Practice Act and under subdivision 2 of section 1414 of the Civil Practice Act. Pursuant to section 41 of the Personal Property Law a tax sale certificate is assignable. An assignee is a legal representative. {New York Mut. Life Ins. Co. v. Armstrong, 117 TJ. S. 591, 597; Bier v. Perlmutter, 129 Mise. 819.) Section 131 of the Tax Law provides that the holder of a tax sale certificate of land, not redeemed, by complying with the provisions of section 131, is entitled to a tax deed. The respondent, as assignee of Rose Silverstein, attorney, held the. tax sale certificate and by complying with section 131 of the Tax Law received the tax deed and was entitled to recover possession of the property by summary proceedings. (Tax Law, § 155.) Order appealed from affirmed, with $25 costs and disbursements. All concur.